**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JEFFREY JEROME WALKER,**

      **Petitioner,**

**vs.**                                   **Case No. 4:10cv117-MP/WCS**

**FLORIDA PAROLE COMMISSION,**

      **Respondent.**

_____/


### REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner, proceeding pro se, filed a 28 U.S.C. § 2254 petition. Doc. 1. He was directed to either pay the $5.00 filing fee or to file a motion to proceed in forma pauperis. Doc. 3. He filed a motion to proceed in forma pauperis, doc. 5, which is granted by separate order. Petitioner then filed an amended § 2254 petition, superseding the initial petition. Doc. 5.

For relief, Petitioner seeks release to parole on June 23, 2011. Doc. 5, p. 12. He raises eighteen interrelated grounds in support. Petitioner claims that on January 15, 2004, a Parole Examiner Jones found a presumptive parole release date (PPRD) in the year 2011 to be appropriate, but Jones's supervisor found a 2023 date appropriate, and

Respondent Florida Parole Commission (hereafter the Commission) ultimately set the date in 2035. *Id.*, pp. 4-8. He raises a number of grounds with regard to this 2004 setting of his PPRD to a date later than that recommended by Jones. He also challenges the setting of review every five years rather than every two years pursuant to FLA. STAT. § 947.16(4)(g)(3) and § 947.174(1)(b). *Id.*, pp. 8-11. He claims that arbitrary and capricious reasons were given to extend his parole review to every five years, that the 1997 amendment to § 947.16(4)(g)(3) was arbitrary and capricious, and that § 947.174(1)(b) is ambiguous, was arbitrarily and capriciously designed to reduce reviews, and its application to Petitioner violates the Ex Post Facto Clause. *Id.*, p. 8-10. Petitioner challenges the use of disciplinary reports to justify aggravating his PPRD outside the matrix time range, where the Florida Department of Corrections had found his overall adjustment satisfactory between 2004 and 2008. *Id.*, pp. 5-9. He challenges the promulgation of Florida Administrative Code § 23-21.010(4) as undermining legislative authority and violating FLA. STAT. § 120.57. *Id.*, pp. 6-7, 10-11.

Petitioner has pursued two civil rights actions, pursuant to 42 U.S.C. § 1983, in this court pertaining to these claims. In case number 4:05cv326-MP/MD, Petitioner claimed that changes to parole eligibility guidelines violated the Ex Post Facto Clause and due process. It was recommended that the case be dismissed for failure to state a cognizable claim as ex post facto and due process challenges to the Florida parole procedure have been squarely rejected in this circuit. Doc. 12 in that case, *citing* Paschal v. Wainwright, 738 F.2d 1173, 1175-76 (11th Cir. 1984), Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985), Jonas v. Wainwright, 779 F.2d 1576,

1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), and Hunter v. Florida Parole &

Probation Commission, 674 F.2d 847, 848 (11th Cir. 1982) (other citations omitted.

    In adopting the recommendation, the district judge noted that Wilkinson v.

Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), cited in objection to the

recommendation, addressed only the procedural issue of whether challenges to parole

eligibility or suitability could be raised under § 1983 or had to be pursued in habeas

corpus.  Doc. 14 in that case.  Dotson did not address the substantive issue of whether

there was a constitutional violation, and there was no ex post facto or due process

violation.  *Id.*, p. 2 (citing Paschal, and Jonas, other citation omitted).  The appeal was

ultimately dismissed by the Eleventh Circuit.  Doc. 30 in that case.

    In case number 4:07cv180-RH/WCS, Petitioner claimed various due process

violations in the Commission's determination of his PPRD.  A report and

recommendation was entered.  Doc. 6 in that case.  After noting that the allegations of

failure to comply with state law did not state a constitutional claim, I found it well

established that in Florida there is no liberty interest in parole entitled to due process

protection.  *Id.*, pp. 2-4 (collecting cases, incorporated herein by reference).  I

recommended that the case be dismissed for failure to exhaust administrative remedies

and for failure to state a claim on which relief could be granted.  *Id.*, p. 4.

    On appeal, Petitioner argued that this court erred in dismissing his case for

failure to state a claim and failure to exhaust administrative remedies.  See doc. 47 in

that case (opinion of the Eleventh Circuit, attached to the mandate), p. 2.  The Eleventh

Circuit affirmed.  The court wrote:

As a general rule, in order to sustain a procedural due process violation, one must have a liberty interest created by the United States Constitution or by a state. Monroe v. Thigpen, 932 F.2d 1437, 1441 (11th Cir. 1991). Interests protected by the Due Process Clause may be created by prison regulations, see Wolff v. McDonnell, 418 U.S. 539, 556-58, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), and state statutes and regulation, Vitek v. Jones, 445 U.S. 480, 488, 100 S.Ct. 1254, 1261, 63 L.Ed.2d 552 (1980). The Constitution does not confer a liberty interest in parole, Monroe, 932 F.2d at 1441, and the Florida statutes do not create a liberty interest in parole, because the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir. Unit B 1982). There is no liberty interest in the calculation of Florida's "presumptive parole release date" even though it is binding on the Commission, because the ultimate parole decision is a matter of Commission discretion. Damiano v. Florida Parole and Probation Comm'n, 785 F.2d 929, 932 (11th Cir.1 986). See also Hunter v. Florida Parole & Probation Comm'n, 674 F.2d 847 (11th Cir. 1982) (holding no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date").

Where there is no liberty interest in parole, "the procedures followed in making the parole determinations are not required to comport with the standards of fundamental fairness." O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995). However, a limited exception to this rule exists when there is "flagrant or unauthorized action" by the Board. Monroe, 932 F.2d at 1441. In Monroe, we held that a parole board's discretion is not unlimited, and determined that the parole board's reliance on admitted false information constituted "unauthorized action." Id. at 1442. Although an inmate has no due-process right to an error-free determination of parole eligibility, see Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979), a prison official may not engage in "arbitrary and capricious" or "flagrant or unauthorized action," Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982), such as knowingly or admittedly relying on false information in making parole decisions, Monroe, 932 F.2d at 1442 n. 11. However, prisoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration. Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d 940 (11th Cir. 1982). Additionally, nothing in due process concepts requires a parole board to specify the particular "evidence" in the inmate's file or at his interview on which it rests its discretionary determination to deny release. Greenholtz, 442 U.S. at 15, 99 S.Ct. at 2108.

*Id.*, pp. 3-5.  While the Prison Litigation Reform Act (PLRA) does not apply in habeas corpus proceedings, the court found no error in its application as the complaint was filed pursuant to § 1983, and not filed as a habeas corpus petition.  *Id.*, pp. 5-6.

Having twice been denied relief under § 1983, Petitioner now raises his claims by § 2254 petition.

Had he previously filed his claims pursuant to § 2254 rather than § 1983, he would be barred from filing a second or successive petition absent authorization from the court of appeals.  *See* § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").  If he filed another § 1983 complaint he would presumably be barred by res judicata, and also could not proceed in forma pauperis under the three strikes provision of the PLRA.  *See* 28 U.S.C. § 1915(g).[1]

As a 28 U.S.C. § 2254 petition it may be well be time barred under the one year limitations period for filing.  § 2244(d).[2]  See <u>Peoples v. Chatman</u>, 393 F.3d 1352, 1353 (11th Cir. 2004) (applying one year limitations period of § 2244(d) to habeas petition challenging state parole revocation); <u>Chambers v. Florida Parole Commission</u>, 257

---

[1] Petitioner has had at least three cases dismissed as frivolous or malicious or failing to state a claim on which relief can be granted.  4:05cv326-MP/EMT (doc. 14), 4:07cv180-RH/WCS (doc. 8), and 4:08cv360-MP/AK (doc. 29).

[2] The one year runs from the latest of: the date the judgment became final on direct review, the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

Fed.Appx. 258, 259-261, 2009 WL 4275509 (11th Cir. 2009) (citing <u>Chatman</u>,

concluding that regardless of whether the one year was triggered by subsection (A) or

(D) of § 2244(d)(1), petition challenging revocation of parole was untimely).

Further, it is clear that Petitioner has not exhausted state court remedies as

required by § 2254(b)(1). *See also* <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839, 845, 119

S.Ct. 1728, 1730, 1732, 144 L.Ed.2d 1 (1999) ("[f]ederal habeas relief is available to

state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§

2254(b)(1), (c)" and in order to exhaust, the petitioner "must give the state courts one

full opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process."). Petitioner asserts that grounds one

through four and eight through eighteen have not been previously raised, but are now

being raised in this court, "jointly and simultaneously with the Florida Supreme Court in

order to avoid laches and successiveness." Doc. 4, p. 11. He asserts that his other

grounds "were raised with respondent after initial interview," pursuant to § 1983, and in

the Eleventh Circuit. *Id.* Petitioner has written "NA" (not applicable) as to questions on

the § 2254 form regarding exhaustion, and that he has not filed any other petitions or

motions in state court. *Id.*, pp. 2-3. He indicated he had not "previously filed a § 2254

petition, or other pleading regarding the validity of your state court confinement, in any

federal court[.]"

Petitioner does not specify what he has filed in the Florida Supreme Court, but it

is not likely that his efforts there will exhaust state court remedies. In Florida, a petition

for writ of mandamus filed in the circuit court "is an accepted remedy for reviewing an

order of the Florida Parole Commission." <u>Sheley v. Florida Parole Commission</u>, 720

So.2d 216, 217 (Fla. 1998) (citations omitted).  *See also* <u>Roth v. Crosby</u>, 884 So.2d 407, 408 (Fla. 2d DCA 2004) (noting that a PPRD is challenged by petition for writ of mandamus against the Commission, filed in the Circuit Court in Leon County, unless the Commission waives home venue privilege) (citations omitted).[3]  The circuit court's order denying mandamus is reviewable either by appeal (if decided on grounds other than the merits) or certiorari (if decided on the merits) in the state district court of appeal.  884 So.2d 408, n. 2 (citing <u>Sheley</u>, other citation omitted).  Review is therefore not properly sought, at least in the first instance, in the Florida Supreme Court.[4]  According to the petition, Petitioner has never pursued relief in the state circuit court or district court of appeal.

Regardless of all these procedural obstacles, however, Petitioner is not entitled to relief for the same reason he was not entitled to § 1983 relief:  he has not stated a constitutional violation in the setting of his Florida PPRD.  The petition should therefore be summarily denied.

Petitioner is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right.  § 2253(c)(2); *see also* § 2254 Rule 11(a) (the district court must issue or deny a certificate of appealability under § 2253(c)(2) when entering a final order adverse to habeas corpus petitioner).

---

[3] Exhaustion of administrative remedies is required before seeking review of Commission action in the circuit court.  884 So.2d at 408, n. 1 (citations omitted).

[4] The case was before the Florida Supreme Court in <u>Sheley</u> under that court's jurisdiction to consider certified conflicts between the district courts of appeal.  *Id.*, at 216 (citing Art. V, § 3(b)(4), of the Florida Constitution).

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition,

challenging Petitioner's parole date, be **DENIED WITH PREJUDICE**, and that a

certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2010.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.