IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY JEROME WALKER,

    Petitioner,

v.                                                       CASE NO. 4:10-cv-00117-MP-WCS

FLORIDA PAROLE COMMISSION,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Report and Recommendation, Doc. 8, concerning Petitioner's amended § 2254 Petition, Doc. 4. The Magistrate Judge has recommended that the petition be denied with prejudice, and a certificate of appealability denied. Petitioner objected to the report and recommendation. This Court reviews objected-to analysis and conclusions *de novo*.

Petitioner challenges a January 2004 decision the Florida Parole Commission to set his parole date for 2035. Doc. 5, pp. 4-8. Petitioner has pursued two civil rights actions pursuant to 42 U.S.C. § 1983 in the past, and in each he failed to attain relief. As a 28 U.S.C. § 2254 petition, however, this action is time-barred under the one year limitations period for filing. 28 U.S.C. § 2244(d)(1)(A)-(D). See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (applying one year limitations period of § 2244(d) to habeas petition challenging state parole

revocation); Chambers v. Florida Parole Commission, 257 Fed.Appx. 258, 259-261, 2009 WL 4275509 (11th Cir. 2009) (citing Chatman, concluding that regardless of whether the one year was triggered by subsection (A) or (D) of § 2244(d)(1), petition challenging revocation of parole was untimely).

Further, it is clear that Petitioner has not exhausted state court remedies as required by § 2254(b)(1). See also O'Sullivan v. Boerckel, 526 U.S. 838, 839, 845, 119 S.Ct. 1728, 1730, 1732, 144 L.Ed.2d 1 (1999) ("[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)" and in order to exhaust, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Petitioner asserts that grounds one through four and eight through eighteen have not been previously raised, but are now being raised in this court, "jointly and simultaneously with the Florida Supreme Court in order to avoid laches and successiveness." Doc. 4, p. 11. He asserts that his other grounds "were raised with respondent after initial interview," pursuant to § 1983, and in the Eleventh Circuit. *Id*. Petitioner has written "NA" (not applicable) as to questions on the § 2254 form regarding exhaustion, and that he has not filed any other petitions or motions in state court. *Id*., pp. 2-3. He indicated he had not "previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court[.]"

Petitioner does not specify what he has filed in the Florida Supreme Court, but it is not likely that his efforts there will exhaust state court remedies. In Florida, a petition for writ of mandamus filed in the circuit court "is an accepted remedy for reviewing an order of the Florida Parole Commission." Sheley v. Florida Parole Commission, 720 So.2d 216, 217 (Fla. 1998) (citations omitted). See also Roth v. Crosby, 884 So.2d 407, 408 (Fla. 2d DCA 2004) (noting

that a PPRD is challenged by petition for writ of mandamus against the Commission, filed in the Circuit Court in Leon County, unless the Commission waives home venue privilege) (citations omitted). The circuit court's order denying mandamus is reviewable either by appeal (if decided on grounds other than the merits) or certiorari (if decided on the merits) in the state district court of appeal. 884 So.2d 408, n. 2 (citing Sheley, other citation omitted). Review is therefore not properly sought, at least in the first instance, in the Florida Supreme Court. According to the petition, Petitioner has never pursued relief in the state circuit court or district court of appeal.

A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes. Wakefield v. Cordis Corp., 304 Fed.Appx. 804 (11th Cir. 2008). Additionally, Petitioner is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. § 2253(c)(2); see also § 2254 Rule 11(a) (the district court must issue or deny a certificate of appealability under § 2253(c)(2) when entering a final order adverse to habeas corpus petitioner). Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Magistrate's Report and Recommendation, Doc. 8, is ADOPTED and incorporated herein.

2. This petition is DISMISSED WITH PREJUDICE.

3. A Certificate of Appealability is DENIED.

**DONE AND ORDERED** this  *22nd* day of June, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge